HARRIS, ST. LAURENT &
CHAUDHRY LLP
Evan W. Bolla, Esq.
40 Wall St., 53rd Floor
New York, NY 10005
(t) 212-397-3370
(f) 212-202-6206
ewbolla@sc-harris.com

*Attorneys for Plaintiff Benjamin Alderson*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN ALDERSON,<br><br>                    Plaintiff,<br>v.<br><br>DEVERE USA, INC.,<br><br>                    Defendant. | **Civ. Action No.**<br><br>**COMPLAINT** |

Plaintiff Benjamin Alderson ("Mr. Alderson") files this Complaint against Defendant deVere USA, Inc. ("deVere") and alleges as follows:

**NATURE OF THE CASE**

1.    This action seeks preliminary and permanent injunctive relief requiring Mr. Alderson's former employer deVere to advance to him legal defense costs for his defense in connection with an SEC action filed against him, captioned *SEC v. Benjamin Alderson and Bradley Hamilton*, Index No: 18-cv-04930, S.D.N.Y. (VEC) (the "SEC Litigation," Ex. 1 hereto), as provided for in Mr. Alderson's employment contract and further confirmed and ratified by additional agreements and actions.

2.    Despite initially recognizing its obligation and providing Mr. Alderson independent counsel of his choosing, deVere, having now independently settled with the SEC, has inexplicably

1

refused to continue to honor its contractual obligations to Mr. Alderson.  deVere has not identified a basis for why it believes its obligation to fund Mr. Alderson's defense has been extinguished, nor can it as no such basis exists.  The law is clear that parties who undertake a contractual duty to defend an employee or an insured must fund that defense from the onset and cannot ignore their obligation during the pendency of an action or treat the obligation to defend as one to indemnify.  If not immediately rectified, deVere's failure to honor its advancement obligations threatens to prejudice and cause significant, irreparable harm to Mr. Alderson in the SEC Litigation.

3. For that reason, Mr. Alderson brings the current action seeking injunctive relief by way of an order requiring that deVere honor its obligation to advance Mr. Alderson a defense in a timely manner.

## THE PARTIES

4. Plaintiff Benjamin Alderson is a citizen and resident of the United Kingdom.  He was formerly employed by the Defendant deVere, USA, Inc.

5. deVere is a Florida corporation with its principal place of business located in New York, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as Mr. Alderson is a citizen of a foreign state and deVere is a citizen of a U.S. State and the value of the amount in controversy is greater than $75,000.

7. This Court additionally has ancillary jurisdiction over this action as a result of the SEC Litigation because (a) the SEC Litigation and this action, which is ostensibly a related coverage action, are "factually interdependent," and (b) ancillary jurisdiction is appropriate for the Court to successfully manage its proceedings in the SEC Litigation.

8. This Court has personal jurisdiction over deVere as its primary place of business is in New York, New York.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as deVere is a resident of New York, New York and as the employment agreement at issue provides for venue in the Southern District of New York.

**FACTUAL BACKGROUND**

10. deVere, along with its affiliates and parent company, are engaged in the business of providing international financial consulting services to expatriate clients and investors, both in the United States and worldwide. Mr. Alderson (an experienced investment advisor) and deVere entered into an Employment Agreement dated as of November 13, 2012 (the "Employment Agreement"). (Ex. 2). Mr. Alderson was given the title of Senior Area Manager and provided a base salary of $100,000.

11. Among other terms, the Employment Agreement contains, in Section 5.2, a provision requiring deVere to "indemnify, *defend*, and hold harmless [Mr. Alderson] to the fullest extent permitted by applicable law, from and against any damages or liabilities, including reasonable attorney's fees, that [Mr. Alderson] may individually sustain by reason of serving as an employee, director, or officer of the Company." (emphasis added). That provision further states that "Separate counsel, reasonably acceptable to [Mr. Alderson], shall be provided to [Mr. Alderson] where joint representation would or might create a conflict of interest. [Mr. Alderson] agrees to cooperate with the Company's counsel in any legal proceeding, or in connection with any claim, where this obligation is or may be applicable."

12. Mr. Alderson's rights as defined under Section 5.2 explicitly survived the termination of the Employment Agreement under its terms.

13. It is well-settled that a contractual duty to defend includes, among other things, an obligation to advance defense costs as they arise.

14. Beginning in late 2014 the SEC conducted an audit of deVere. Upon information and belief, as a result of the audit the SEC began to conduct a more formal investigation entitled *In the Matter of deVere USA, Inc.* (NY-09373) (the "Investigation" or "SEC Investigation"). By late 2015, the SEC had served formal subpoenas on deVere as well as certain of its employees.

15. By May of 2016 it became apparent that a conflict may exist between deVere and Mr. Alderson relating to the Investigation that would necessitate Mr. Alderson retaining independent counsel. "[A]s part of the Investigation, [deVere] provided Alderson with [Harris, St. Laurent and Chaudhry LLP] as his personal counsel to advise him in his individual capacity as needed." (Ex. 3, Joint Interest Agreement).

16. This arrangement was further memorialized in HSC's engagement letter with Mr. Alderson which stated that "deVere has agreed to pay the legal fees and disbursements incurred on [Mr. Alderson's] behalf."

17. deVere was provided the letter by email on May 24, 2016 and raised no objection to its terms. Thereafter, all HSC invoices were sent to deVere and its outside counsel, and deVere paid those invoices for a time without objection.

18. In May of 2017, deVere again reaffirmed its contractual obligation to advance Mr. Alderson's legal fees through an agreement between Mr. Alderson and Nigel Green, the founder and CEO of the worldwide deVere Group. In connection with the purchase by Mr. Alderson of Mr. Green's 100% ownership interest in deVere Bahamas, Inc., Mr. Alderson and Mr. Green entered into a Sale and Purchase of Shares Agreement (the "Alderson-Green Agreement"). At the time the Alderson-Green Agreement was entered into, deVere was aware that fees were owed to

4

HSC and the document reconfirmed deVere's commitment to pay those fees under its obligation to defend.

19. Specifically, under the Alderson-Green Agreement, the Employment Agreement was terminated with the exception of several provisions thereof, including, specifically, "any rights of [Mr. Alderson] *to advancement* or indemnification of legal fees and expenses under Section 5.2 of the Employment Agreement, any other agreement or under law, *including payment of fees currently owed to Harris, St. Laurent & Chaudhry LLP; it being understood that such fees shall be paid promptly*."  (Ex. 4)(Emphasis added.)

20. In September of 2017, deVere made a delayed payment to HSC. Thereafter toward the end of 2017, deVere sought to negotiate a discount of HSC's then-outstanding fees incurred on behalf of Mr. Alderson. HSC agreed to provide a discount, provided that such payment be made by the end of the year. That payment never arrived. Instead, several months later deVere made a token payment of $10,000 to induce HSC's continued work on certain time-sensitive matters, leaving a significant unpaid balance of approximately $80,000.

21. Upon information and belief, in or about April or May of 2018 deVere and the SEC reached a settlement in connection with the SEC Investigation.

22. In May of 2018, the SEC initiated the SEC Litigation against Mr. Alderson, in which it alleges that Mr. Alderson violated the Investment Advisors Act, primarily with regard to alleged failures to disclose conflicts of interest in connection with the way in which he was compensated, which was the same for all deVere investment advisors. Four of the enumerated six claims against Mr. Alderson allege that he aided and abetted deVere in its violations of securities laws. (Ex. 1).

5

23. Upon receiving notice of the SEC Litigation, HSC on behalf of Mr. Alderson once again demanded that deVere pay past amounts owed and commit to advancing Mr. Alderson's legal fees during the pendency of the SEC Litigation.

24. deVere has again refused to honor its contractual commitments or confirm its obligations going forward.  As a result, Mr. Alderson files the instant action for a declaratory judgment and breach of contract seeking injunctive relief.

### FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF FOR TIMELY PAYMENT OF DEFENSE AND INVESTIGATIVE COSTS)

25. Mr. Alderson repeats and realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

26. Mr. Alderson has incurred, and will continue to incur, substantial costs in the addressing the SEC Investigation and Litigation.

27. Under the terms of Mr. Alderson's Employment Agreement, and as ratified by the Alderson-Green Agreement and deVere's actions in reviewing HSC's invoices and making certain payments pursuant thereto, deVere has a contractual affirmative duty to provide Mr. Alderson a defense to the claims against him.

28. Nonetheless, and despite its written acknowledgement that it is required to defend Mr. Alderson under the applicable agreements, deVere has failed to honor its obligation to pay Mr. Alderson's legal costs at the time they are incurred and on an ongoing basis.

29. By reason of the foregoing, an actual and justiciable controversy exists between Mr. Alderson and deVere regarding deVere's obligations.

30. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief and subsequent compliance by deVere will be sufficient to resolve the existing controversy between Mr. Alderson and deVere.

31. Accordingly, pursuant to 28 U.S.C. § 2201, Mr. Alderson seeks a declaratory judgment that deVere is obligated under the applicable agreements and applicable law to advance and pay the legal costs Mr. Alderson has incurred and continues to incur in relation to the SEC Investigation and Litigation at the time they are incurred and on an ongoing basis.

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT / BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

32. Mr. Alderson repeats and realleges the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

33. The Employment Agreement constitutes a valid contract between Mr. Alderson and deVere.

34. Mr. Green as its principal had actual and/or apparent authority to act on behalf of deVere.

35. The Alderson-Green Agreement affirmed deVere's duty to advance defense costs to Mr. Alderson.

36. Mr. Alderson has satisfied his obligations under the applicable agreements, and is rightfully entitled to the benefits provided thereunder.

37. Under those agreements, deVere is obligated to advance and pay for all defense and investigation costs incurred by Mr. Alderson in connection with the SEC Investigation and Litigation.

38. deVere breached its obligations by failing to timely reimburse Mr. Alderson for his past legal costs related to the SEC Investigation and failing to affirm payment of Mr. Alderson's defense costs related to the SEC Litigation at the time they are incurred and on an ongoing basis.

39. deVere owes Mr. Alderson a duty of good faith and fair dealing, by virtue of its contractual relationship with Mr. Alderson.

40. deVere has breached this duty by wrongfully and inexplicably delaying payment of Mr. Alderson's legal costs, despite initially recognizing that duty and otherwise affirming in in various agreements and by its course of conduct.

## **JURY DEMAND**

Mr. Alderson demands a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Alderson demands judgment against deVere as set forth below:

a.  On the First Cause of Action, a declaration by this Court in favor of Mr. Alderson that pursuant to the above referenced agreements, deVere is obligated to timely advance and pay all costs Mr. Alderson has incurred or will incur in connection with the SEC Investigation and Litigation;

b.  On the Second Cause of Action, an order for injunctive relief requiring specific performance under the terms of the Employment Agreement and Alderson-Green Agreement;

c.  With respect to all Causes of Action, an award of attorneys' fees and costs to Mr. Alderson and an award of pre-judgment and post-judgment interest, as provided by law; and

d.  Such other relief as the Court may deem just and proper.

Dated: June 7, 2018  
New York, New York

Respectfully submitted,

By: *[signature]*

Evan W. Bolla  
Harris, St. Laurent & Chaudhry LLP  
40 Wall St., 53rd Floor  
New York, New York 10005  
*Attorneys for Plaintiff Benjamin Alderson*