**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
BENJAMIN ALDERSON,                    :
                                      :
        Plaintiff,             :
                                      :
  -against-                          :
                                      :
DEVERE USA, INC.                      :
                                      :
        Defendant.             :
------------------------------------- X

No. 18 Civ. 5081 (JFK)
**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFF BENJAMIN ALDERSON:
    Evan Wilson Bolla
    HARRIS, ST. LAURENT & CHAUDHRY LLP

FOR DEFENDANT DEVERE USA, INC.:
    John Vito Vincenti
    Cole Renicker
    Elyse Christine Pillitteri
    Hannah Elizabeth Scheckelhoff
    Paul J. Vincenti
    VINCENTI & VINCENTI, P.C.

**JOHN F. KEENAN, United States District Judge:**

    Benjamin Alderson ("Alderson" or "Plaintiff") brings a Motion for Preliminary Injunction requiring Defendant deVere USA, Inc. ("deVere" or "Defendant") to (1) timely pay legal fees Plaintiff has incurred in connection with an SEC investigation of deVere and (2) advance Plaintiff legal fees he will incur in connection with an SEC action against him. In response, Defendant brings a Cross Motion to Compel Arbitration and Stay the Proceedings (the "Cross Motion"). For the reasons below,

1

Defendant's Cross Motion is granted.  Plaintiff's motion is denied as moot.

## I. Background

### A. Factual Background

The following facts and allegations are taken from the complaint.  Plaintiff, an experienced investment advisor, is a citizen and resident of the United Kingdom. (Compl. ¶¶ 4, 10.) Defendant is a Florida corporation with principal place of business in New York City. (Id. ¶ 5.)  Defendant, along with its affiliates and parent company, provides international financial consulting services to expatriate clients and investors worldwide. (Id. ¶ 10.)

By an agreement dated November 13, 2012 (the "Employment Agreement"), deVere hired Alderson as "Senior Area Manager." (Id. ¶ 10.)  Plaintiff argues that the Employment Agreement contains language requiring deVere to indemnify and advance Plaintiff attorneys' fees sustained "by reason of" his service to deVere. (Id. ¶¶ 11, 13.)  The Employment Agreement further specifies that the parties "agree that all disputes between them shall be resolved in arbitration, in accordance with" a separately executed arbitration agreement (the "Arbitration Agreement") "except to the extent that the Arbitration Agreement provides otherwise." (Id. Ex. 2 § 15.1.)

2

The Arbitration Agreement states that "the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement." (Id. Ex. 2, Schedule 4 § 2 [hereinafter "Arb. Agmt."].) Section 1 of the Arbitration Agreement identifies the claims subject to and excluded from arbitration and sets forth "the parties' agreement as to applicable arbitration procedures." (Id. § 1.) Section 1(a) states that "[t]he only claims that are arbitrable are those that, in absence of this provision, would have been justiciable under applicable state or federal law." (Id. § 1(a).) Section 1(b) states that "[a]ny claim by either party seeking only injunctive relief, and attorney's fees and costs relating to the claim, shall not be decided by arbitration, but shall be litigated in court." (Id. § 1(b).) Additionally, § 1(d)(1) makes clear that the parties are to arbitrate under the auspices of either the American Arbitration Association ("AAA") or the Judicial Arbitration & Mediation Services ("JAMS") and in accordance with either AAA or JAMS' "then-current employment arbitration rules/procedures." (Id. § 1(d)(1).)

Starting in late 2014, the SEC investigated deVere (the "Investigation"), eventually serving formal subpoenas on deVere and certain deVere employees. (Compl. ¶ 14.) By May 2016 it became clear that a conflict may exist between deVere and Alderson relating to the Investigation and, accordingly,

Alderson retained Harris, St. Laurent & Chaudhry LLP ("HSC") as independent counsel. (Id. ¶ 15.)  Defendant made payments to HSC on Plaintiff's behalf, but towards the end of 2017, stopped payments and negotiated a discount with HSC. (Id. ¶¶ 20, 27.) Despite HSC's agreement to the discount, Defendant has made no further payments, other than a $10,000 "token payment" to induce HSC to work on certain time-sensitive matters, leaving an $80,000 unpaid balance. (Id. ¶ 20.)

In or around April or May 2018, the SEC and deVere reached a settlement in the Investigation. (Id. ¶ 21.)  In May 2018, the SEC initiated litigation against Plaintiff (the "Litigation") alleging failure to disclose conflicts of interest and aiding and abetting deVere in its securities law violations. (Id. ¶ 22.)  On receiving notice of the Litigation, HSC, on Plaintiff's behalf, demanded Defendant pay fees incurred for the Investigation and advance fees for Plaintiff's Litigation defense. (Id. ¶ 23.)  Defendant refused. (Id. ¶ 24.)

**B. Procedural History**

On June 7, 2018, Plaintiff filed a complaint alleging two causes of action against Defendant:  (1) declaratory relief for timely payment of defense and investigative costs and (2) breach of contract and covenant of good faith and fair dealing.  On June 15, 2018, at Plaintiff's request, the Court issued an Order to Show Cause as to why a preliminary injunction requiring

Defendants to pay Plaintiff's past legal fees for the Investigation and advance Plaintiff legal fees for the Litigation should not be granted. On June 22, 2018, Defendant filed its Cross Motion to compel arbitration and stay the proceedings, arguing that both the Employment and Arbitration Agreements require Plaintiff's claims to be arbitrated. On July 10, 2018, the Court heard oral arguments on both motions.

## II. Legal Standard

The Second Circuit has repeatedly held that the Federal Arbitration Act ("FAA") "represents 'a strong federal policy favoring arbitration as an alternative means of dispute resolution.'" Cole v. Pearson Educ., Inc., No. 10 Civ. 7523 (JFK), 2011 WL 4483760, at *4 (S.D.N.Y. Sept. 28, 2011) (quoting JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004)); Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 234 (2d Cir. 2006). Federal law "requires courts to rigorously enforce agreements to arbitrate." Evans & Sutherland Comput. Corp. v. Thomson Training & Simulation Ltd., No. 94 Civ. 6795 (JFK), 1994 WL 593808, at *2 (S.D.N.Y. Oct. 28, 1994) (citations omitted).

The question of arbitrability "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 344 (2d Cir. 2010) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)). See also First

Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); AT & T Techs. Inc. v. Commc'ns Workers of America, 475 U.S. 643, 649 (1986). Parties may overcome this presumption in favor of judicial determination of arbitrability (the so-called "First Options presumption") by entering into a separate agreement that (1) employs language stating "any and all" controversies are to be determined by arbitration or (2) expressly incorporates the provisions of a tribunal that requires questions of arbitrability to be decided in arbitration. Eaton Vance Management v. ForstmannLeff Associates, LLC, No. 06 Civ. 1510 (WHP), 2006 WL 2331009, at *3 (S.D.N.Y. 2006) (citing John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 55 (2d Cir. 2001)).

### III. Discussion

Here, the Arbitration Agreement specifies that an arbitration shall be held under the auspices of either the AAA or JAMS. (Arb. Agmt. § 1(d)(1).) It further specifies that "[e]xcept as provided under this Agreement, the arbitration shall be conducted in accordance with the sponsoring organization's then-current employment arbitration rules/procedures." (Id.) Under the relevant AAA or JAMS rules the arbitrator decides questions of arbitrability. See AAA Employment Arbitration Rules and Mediation Procedures, Rule 6(a) ("The arbitrator shall have the power to rule on his or her own

jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."); JAMS Employment Arbitration Rules and Procedures, Rule 11(b) ("Jurisdictional and arbitrability disputes . . . shall be submitted to and ruled on by the Arbitrator."). A relevant provision of the Arbitration Agreement also indicates that arbitrability is a question for the arbitrator. (Arb. Agmt. § 1(d)(3) ("The arbitrator shall have exclusive authority to resolve any dispute relating to the <u>interpretation, applicability, enforceability or formation of this Agreement</u>, including but not limited to any claim that all or any part of this agreement is void or voidable.") (emphasis added).) Accordingly, the parties' incorporation of AAA and JAMS rules into the Arbitration Agreement and those rules' language on arbitrability serve as "clear and unmistakable evidence of the parties' intent" to delegate arbitrability issues to the arbitrator. <u>See, e.g.</u>, <u>Contec Corp. v. Remote Solution, Co., Ltd.</u>, 398 F.3d 205, 208 (2d Cir. 2005) (holding that an the combination of an arbitration clause incorporating AAA rules along with an AAA rule identical to 6(a) was sufficient to overcome the <u>First Options</u> presumption); <u>Katsoris v. WME IMG, LLC</u>, 237 F. Supp. 3d 92, 104-05 (S.D.N.Y. 2017) (same); <u>WMT Investors, LLC v. Visionwall Corp.</u>, No. 09 Civ. 10509 (RMB),

7

2010 WL 2720607, at *3 (S.D.N.Y. June 28, 2010) (same).  Thus, Defendant's Cross Motion is granted.

In opposition, Plaintiff argues that the AAA or JAMS rules are incorporated only in a section of the Arbitration Agreement "which dictates which procedures govern an already-commenced arbitration" and that the same section provides the caveat "[e]xcept as provided by this Agreement." (Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Compel Arb. at 4, ECF No. 21 (filed June 26, 2018) [hereinafter "Pl.'s Mem."].)  Plaintiff argues that the Arbitration Agreement is thus not "broad in scope" and, therefore, the required "clear and unmistakable" language necessary to overcome the First Options presumption is absent. (Id.)  The Court is unpersuaded by this argument.  First, Plaintiff appears to base his argument on an erroneous understanding of the case law.  As stated above, a party can overcome the First Options presumption by entering into an agreement that either (1) indicates that "any and all" disputes must go to arbitration or (2) incorporates the provisions of a tribunal that requires questions of arbitrability to be decided in arbitration. Eaton, 2006 WL 2331009, at *3 (quoting John Hancock, 254 F.3d at 55).  Thus, the language enabling arbitration does not necessarily need to be "broad in scope" to overcome the presumption and, further, the incorporation of a tribunal's provisions is unrelated to broadness in scope. Id.

8

To the extent Plaintiff is arguing that the placement of the AAA or JAMS language in the Arbitration Agreement undermines a finding that arbitrability be decided in arbitration, the Court would still be unpersuaded. Plaintiff has failed (1) to explain how the AAA or JAMS provisions' inclusion in the Arbitration Agreement's section on already-commenced arbitration disqualifies it as an indicator of the parties' intent to be held to AAA or JAMS rules which require an arbitrator to decide arbitrability, (2) to cite language in the Arbitration Agreement that would negate these rules through the "except as provided by this Agreement" clause, and (3) to cite legal support for these assertions. (Pl.'s Mem. at 4.)

## Conclusion

For the reasons stated above, Defendant's Cross Motion is GRANTED and these proceedings are stayed pending the outcome of arbitration. Plaintiff's Motion for Preliminary Injunction is DENIED as moot. Parties are directed to update the Court on the arbitration's progress by February 1, 2019.

The Clerk of Court is respectfully directed to terminate the motions docketed at ECF No. 4 and 16 and stay this case.

**SO ORDERED.**

Dated:   New York, New York
         July 24, 2018

_____
John F. Keenan
United States District Judge

9