

July 30, 2018

**BY ECF**

Honorable John F. Keenan
Judge, United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 20C
New York, NY 10007-1312

    Re:    Benjamin Alderson v. deVere USA, Inc.
               Civil Action No. l8-cv-05081

Dear Judge Keenan:

    We write to reply to deVere USA, Inc's letter in opposition to Mr. Alderson's letter motion for reconsideration.

    While deVere points to employment arbitration rules for AAA and JAMS that allow an arbitrator to grant *interim* relief, this is entirely different from allowing Mr. Alderson to seek emergency appointment of an arbitrator to seek injunctive relief. JAMS' Comprehensive Rules, R. 2 and AAA Commercial Rule, R. 38 attached hereto, allow for the emergency appointment of an arbitrator. There is no such provision in the employment rules for AAA or JAMS.

    As such, based on the Order issued by this Court, Mr. Alderson is currently without any venue for emergency relief. Under the Arbitration Agreement (attached hereto for the Court's convenience) the appointment of an arbitrator is a multi-week process, and deVere has every incentive to delay.

    This is the very reason the Arbitration Agreement explicitly *requires* that Mr. Alderson seek emergency injunctive relief in Court because otherwise he has no ability to seek or obtain such relief. To read the Arbitration Agree to allow deVere to control the timing and venue in which Mr. Alderson can seek emergency injunctive relief would render the clear language of the Agreement meaningless and would create manifest injustice in which Mr. Alderson cannot seek the emergency relief he requires. Under New York law, a contract "should be construed so as to

give full meaning and effect to all of its provisions." *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,* 424 F.3d 195, 206 (2d Cir. 2005). "[A]n interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless ... is not preferred and will be avoided if possible.... Rather, an interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." *Hallingby v. Hallingby*, 693 F. Supp. 2d 360, 365 (S.D.N.Y. 2010), *aff'd,* 453 F. App'x 121 (2d Cir. 2012).

      Accordingly, we ask the Court to reconsider the portion of its decision which stayed this action prior to deciding Mr. Alderson preliminary injunction application. We remain available to further address this issue as the Court believes appropriate.

      Respectfully submitted,

      Evan W. Bolla