USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------ X
BENJAMIN ALDERSON,

       Plaintiff

  -against-

DEVERE USA, INC.,

       Defendant.
------------------------------ X

No. 18 Civ. 5081 (JFK)

**ORDER**

**JOHN F. KEENAN, United States District Judge**:

    Since the Court issued its July 24, 2018 Opinion and Order (the "July 24 Order"), the Court has received several letters from the parties. (See ECF Nos. 36-38, 40 & 43 and deVere USA, Inc.'s undocketed September 7, 2018 letter.) These letters constitute (1) Defendant deVere USA, Inc.'s ("deVere" or "Defendant") request for a hearing to propose a motion to stay a state court case, (2) Plaintiff Benjamin Alderson's ("Alderson" or "Plaintiff") motion for the Court to reconsider the July 24 Order, and (3) Plaintiff's motion to adjourn the conference scheduled for November 15, 2018.

    For the reasons below, Defendant's request is denied, Plaintiff's motion for reconsideration is denied, and Plaintiff's motion to adjourn conference is granted.

    Familiarity with the facts of this case, as detailed in the July 24 Order, is presumed.

### Defendant's Motion to Stay

On September 7, 2018, Defendant sent the Court a letter requesting a conference so it could move the Court to stay <u>Harris, St. Laurent & Chaudhry, LLP v. deVere USA, Inc., Nigel Green, and Martin Byrne</u> (the "State Case"), the Plaintiff's counsel Harris, St. Laurent & Chaudhry's ("HSC") New York State Supreme Court case against Defendant and others. (deVere's Sept. 7, 2018 letter.) Defendant alleges, in short, that the State Case interferes with the July 24 Order and, as such, the Court is permitted to enjoin HSC from litigating it under the Anti-Injunction Act. (<u>Id.</u> (citing 28 U.S.C. § 2283).) Plaintiff opposed this request via letters on September 11, 2018 and November 7, 2018. (ECF Nos. 40 & 43.)

The Anti-Injunction Act's "relitigation" exception allows a United States Court to grant an injunction to stay a state court proceedings "to protect and effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has held that this exception is "strict and narrow" since "issuing any injunction under the relitigation exception is resorting to heavy artillery." <u>Smith v. Bayer Corp.</u>, 564 U.S. 299, 306-307 (2011). Accordingly, this exception is to be used only where "the issue the federal court decided [is] the same as the one presented in the state tribunal." <u>Id.</u> at 307. <u>See also</u> <u>Wyly v. Weiss</u>, 697 F.3d 131, 141 (2d Cir. 2012).

In the instant case, Alderson alleges that an employment agreement (the "Employment Agreement") he executed with deVere requires deVere to indemnify and advance him certain legal fees. (Compl. ¶¶ 11, 13.) This Court's July 24 Order found that the Employment Agreement was subject to an arbitration agreement that required issues of arbitrability that deVere raised be heard in arbitration. (ECF No. 33 at 7-9.) The Court thus granted deVere's motion to compel arbitration to address those issues and stayed this case pending the outcome of that arbitration. (Id.) In the State Case, HSC alleges several claims against deVere, Nigel Green (deVere's founder), and Martin Byrne (deVere's General Counsel) arising out these defendants' failure to pay HSC fees it incurred in Alderson's defense. (ECF No. 43-1 ¶¶ 45-108.) The complaint in that case alleges that deVere promised HSC these fees in two separate agreements (id.), neither of which is the Employment Agreement. Given that the July 24 Order held only that arbitrability issues arising out of the Employment Agreement were subject to arbitration, the issue this Court decided is not presented in the State Case. As such, there are no grounds to stay the State Case under the Anti-Injunction Act and any motion to do so would be meritless. Smith, 564 U.S. at 306-307. Accordingly, deVere's request for a conference in anticipation of making such a motion is denied.

## Plaintiff's Motion for Reconsideration

On July 26, 2018, Plaintiff sent the Court a motion to reconsider its July 24 Order. In its November 7, 2018 letter, Plaintiff concedes this motion "now appears moot" given that he has agreed to a JAMS arbitration in accordance with the July 24 Order. (ECF No. 43 at 2 n.1.) The Court agrees and, accordingly, this motion is dismissed as moot.

## Plaintiff's Motion to Adjourn

On November 7, 2018, Plaintiff submitted a motion to adjourn the conference currently scheduled for November 15, 2018 given that he (1) expects the arbitration that the July 24 Order compelled (the "Arbitration") to be resolved by December 14, 2018 and (2) believes Defendant's motion to stay the State Case would be meritless. (ECF No. 43 at 2, 4.)

Given that (1) the Court agrees that the Defendant's motion to stay would be meritless and (2) this case is stayed pending the outcome of the Arbitration, the Court agrees that there is no need for a conference until the Arbitration has concluded. Accordingly, Plaintiff's motion to adjourn that conference is granted and the conference is adjourned to January 8, 2019, well after the Arbitration's expected resolution.

## Conclusion

For the reasons above, Defendant's request for a conference to move the Court to stay a state case is DENIED as such motion

would be meritless, Plaintiff's motion for reconsideration is DENIED as moot, and Plaintiff's motion to adjourn conference is GRANTED.

Accordingly, the November 18, 2018 conference is adjourned to January 8, 2019 at 11 a.m. Parties are ORDERED to inform the Court of the outcome of their JAMS arbitration by joint letter immediately following its resolution.

The Clerk of Court is respectfully directed to close the motions docketed at ECF Nos. 36 and 43.

**SO ORDERED.**

Dated: New York, New York
November 13, 2018

John F. Keenan
United States District Judge