```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BENJAMIN ALDERSON,                      :
                                        :
                    Plaintiff,          :
                                        :
     -against-                          :     No. 18 Civ. 5081 (JFK)
                                        :           ORDER
DEVERE USA, INC. (d/b/a Brite           :
Advisors USA, Inc.),                    :
                                        :
                    Defendant.          :
---------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/26/2020

APPEARANCES

FOR PLAINTIFF BENJAMIN ALDERSON:
    Evan W. Bolla
    HARRIS ST. LAURENT LLP

FOR DEFENDANT DEVERE USA, INC. (d/b/a Brite Advisors USA, Inc.):
    Peter T. Shapiro
    LEWIS BRISBOIS BISGAARD & SMITH LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Harris St. Laurent LLP ("Plaintiff's Counsel") for an order compelling Defendant deVere USA, Inc., now doing business as Brite Advisors USA, Inc. ("Defendant"), to pay $281,633.18 in attorneys' fees and costs incurred by Plaintiff Benjamin Alderson ("Alderson") in an ongoing litigation with the U.S. Securities and Exchange Commission ("the SEC Action"). Defendant, through its counsel, Lewis Brisbois Bisgaard & Smith LLP ("Defense Counsel"), argues that Plaintiff's Counsel is not entitled to the payment because Alderson recently replaced Plaintiff's Counsel with a different law firm in the SEC Action, and Alderson recently executed a

1

settlement agreement releasing Defendant from any liability for Alderson's legal fees.

For the reasons set forth below, Plaintiff's Counsel's request is GRANTED. By no later than June 1, 2020, Plaintiff's Counsel must provide Defendant with a final invoice for all outstanding fees and expenses in the SEC Action; by no later than June 15, 2020, Defendant must (1) pay all undisputed portions of the final invoice to Plaintiff's Counsel and (2) identify all disputed portions of the invoice, if any; and by June 22, 2020, if Defendant and Plaintiff's Counsel are unable to reach agreement on payment of the disputed portions of the final invoice, if any, they shall each submit a letter to the Court setting forth their positions as to amounts owed and whether sanctions are warranted.

**I.  Background**

On June 7, 2018, Alderson initiated this action for injunctive relief to compel Defendant (Alderson's former employer) to advance Alderson's legal defense costs in connection with the SEC Action, Sec. & Exch. Comm'n v. Alderson et al., No. 18 Civ. 4930 (VEC) (S.D.N.Y.). (Compl., ECF No. 1.) Defendant moved to compel arbitration, which the Court granted on July 24, 2018. (Opinion & Order, ECF No. 33.)

On January 2, 2019, retired-Magistrate Judge Theodore H. Katz determined that Alderson's employment agreement obligated

Defendant to advance Alderson's past and future defense costs in the SEC Action ("the Arbitration Award"). (JAMS Arbitration Interim Award No. 1425027170, ECF No. 46-1.) On February 7, 2019, with the consent of both parties, the Court confirmed the Arbitration Award and closed this case. (Case Management Order, ECF No. 47; Conf. Tr. (Feb. 7, 2019), ECF No. 53.)

On February 14, 2019, Alderson filed a letter requesting that the Court issue a supplemental order setting forth a schedule for Defendant to pay Alderson's past and future legal fees in the ongoing SEC Action because, among other things, Defendant failed to timely respond to Plaintiff's Counsel's requests for payment and refused to commit to a firm deadline for when payments would be made. (Letter from Evan W. Bolla to Hon. John F. Keenan (Feb. 14, 2019), ECF No. 49.) On February 19, 2019, Defendant filed a letter stating that it was "not averse to a predictable process for the review and payment of [Plaintiff's Counsel's invoices] and ongoing submissions." (Letter from John V. Vincenti to Hon. John F. Keenan at 2 (Feb. 19, 2019), ECF No. 50.) The following day, the Court entered an order which set forth a process for payment of Alderson's legal fees ("the February 20th Order"). (Order, ECF No. 52.) Regarding payment of future fees, the February 20th Order required Alderson to provide "on-going monthly invoices by the 15th of the following month," and required Defendant to, "within

3

10 days of receipt of each such invoice (a) pay any undisputed portions, and [(b)] identify any disputed portion." (Id. at 2.) "If the parties [we]re unable to reach agreement on any disputed portion" they were required to "each submit a letter to the Court by the 30th of the month." (Id.)

Nevertheless, for approximately one year Defendant has repeatedly refused to timely fulfill its obligations under the Arbitration Award and the February 20th Order, and the Court has been pulled into the parties' dispute on no less than five separate occasions due to Defendant's intransigence.

### A. May 2019 Dispute

On May 15, 2019, Plaintiff's Counsel submitted a letter to the Court requesting a conference because Defendant failed to provide payments consistent with the February 20th Order. (Letter from Evan W. Bolla to Hon. John F. Keenan (May 15, 2019), ECF No. 57.) Plaintiff's Counsel also explained that Defendant was substituting its counsel in this action. (Id.) The Court scheduled a conference for May 29, 2019. (Endorsed Letter, ECF No. 57.) On May 17, 2019, Defendant filed a stipulation and request to substitute his prior counsel with Defense Counsel. (Notice of Appearance, ECF No. 55; Stipulation, ECF No. 56.) The Court so-ordered Defendant's substitution of counsel on May 20, 2019. (Stipulation, ECF No. 58.)

4

On May 28, 2019, the day before the conference, Defense Counsel filed a letter explaining that it and Plaintiff's Counsel had "worked out" certain issues and the parties were "making progress working out other issues." (Letter from Peter T. Shapiro to Hon. John F. Keenan (May 28, 2019), ECF No. 60.) Defense Counsel requested the Court adjourn the conference while the parties discussed a resolution to their dispute. (Id.) The Court granted Defense Counsel's request and adjourned the conference to June 19, 2019. (Endorsed Letter, ECF No. 61.) On June 18, 2019, Defense Counsel filed a letter requesting the conference be canceled because "Counsel for plaintiff and I have agreed on a resolution of the issues" and "the parties will continue to work in good faith to address further invoices." (Letter from Peter T. Shapiro to Hon. John F. Keenan (June 18, 2019), ECF No. 62.) The Court canceled the conference. (Endorsed Letter, ECF No. 63.)

### B. October 2019 Dispute

On October 3, 2019, Plaintiff's Counsel emailed the Court to request a conference due to "issues regarding . . . payment." (Email from Evan W. Bolla to William Ryan, Courtroom Deputy to Hon. John F. Keenan, et al. (Oct. 3, 2019).) The Court scheduled a conference for October 24, 2019. (Order, ECF No. 64.) On October 20, 2019, Plaintiff's Counsel filed a letter explaining that Defendant initially made payments consistent

5

with the February 20th Order, but Defendant now owed approximately $240,000 and it refused to discuss a payment plan. (Letter from Evan W. Bolla to Hon. John F. Keenan (Oct. 20, 2019), ECF No. 65.)  Plaintiff's Counsel explained that Defendant believed it was relieved of the obligation to pay because Defendant was negotiating a potential purchase of Alderson's business.  (Id. at 2.)  Plaintiff's Counsel argued that Defendant's purported inability to pay was contrived because, as evidenced by a recent conference in the SEC Action, Defendant appeared to be willing to pay for numerous attorneys to appear on its and a current employee's behalf.  (Id.) Plaintiff's Counsel stated that it would request the following during the upcoming conference: (1) an order requiring Defendant to advance all outstanding sums within three business days; (2) the award of fees and costs; and (3) in the event that Defendant failed to make payment, (a) leave to file a motion for contempt, (b) leave to serve post-judgment discovery, and (c) entry of a judgment fixing the amount owed so that Alderson could seek to enforce the judgment.  (Id. at 2-3.)

     Two days later, and two days before the conference was to take place, Plaintiff's Counsel informed the Court via email that Defendant had agreed to a payment plan for the outstanding approximately $240,000 debt ("the October 22, 2019 Payment Plan").  (Email from Evan W. Bolla to William Ryan et al. (Oct.

22, 2019).)  The Court canceled the conference.  (Notice, ECF No. 66.)  On October 24, 2019, Defendant filed a letter "solely to go on record as stating our client's position that it vigorously disputes many of the unfounded factual statements contained in" Plaintiff's Counsel's October 20, 2019 letter.  (Letter from Peter T. Shapiro to Hon. John F. Keenan (Oct. 24, 2019), ECF No. 67.)

        **C.   December 2019 Dispute and January 2020 Conference**

On December 5, 2019, Plaintiff's Counsel again emailed the Court to request a conference due to Defendant's failure to timely make payment.  (Email from Evan W. Bolla to William Ryan et al. (Dec. 5, 2019).)  Plaintiff's Counsel stated that Defendant made the first three payments consistent with the October 22, 2019 Payment Plan, but Defendant failed to make the final payment of $89,000 and failed to respond to repeated requests by Plaintiff's Counsel to establish a payment plan for Alderson's other invoices.  (Id.)  The Court scheduled a conference for December 18, 2019.  (Order, ECF No. 68.)

On December 16, 2019, Defense Counsel emailed the Court requesting that the December 18, 2019 conference be adjourned to January 7, 2020.  (Email from Peter T. Shapiro to William Ryan et al. (Dec. 16, 2019).)  Defense Counsel's email stated: "My client has assured us that it will be paying the roughly $89,000 owed to Mr. Alderson . . . [h]ence, the conference is not

7

needed." (Id.) The Court granted Defendant's request for an adjournment. (Order, ECF No. 69.)

Defense Counsel and Plaintiff's Counsel appeared before the Court for the conference on January 7, 2020, during which Defense Counsel informed the Court that it and Plaintiff's Counsel had "worked out a payment schedule for the amount that's currently due." (Conf. Tr. at 2:18-23 (Jan. 7, 2020), ECF No. 75.) Defense Counsel agreed that Defendant would make two payments of $55,000 by the end of February 2020, and an additional payment of $100,000 by the end of March 2020. (Id. at 2:18-3:25, 5:7-9, 6:12-15.) The Court made clear to Defense Counsel that Defendant was required to make payment consistent with the Arbitration Award: "I want the record clear that I expect payment to be made and the case to be resolved." (Id. at 5:23-6:3, 7:20-8:2.)

### D. April 2020 Dispute

On April 2, 2020, Plaintiff's Counsel filed a letter requesting the Court order Defendant to make the $100,000 payment that it had agreed to pay during the January 7, 2020 conference. (Letter from Evan W. Bolla to Hon. John F. Keenan (Apr. 2, 2020), ECF No. 70.) Defense Counsel filed a response explaining that Defendant was unable to make the agreed upon payment due to the global emergency caused by the Coronavirus, COVID-19. (Letter from Peter T. Shapiro to Hon. John F. Keenan

8

(Apr. 3, 2020), ECF No. 71.)  Defense Counsel further explained that "Mr. Alderson is engaged in negotiations with [Defendant] and third parties, which addresses all issues between [Defendant] and Mr. Alderson, and as a result the settlement should resolve the advancement and indemnification issues as well as determine responsibility for the payment of legal fees (past, present, and future) to [Plaintiff's Counsel]. . . . Given the foregoing, we respectfully submit that the parties should continue to attempt to resolve these matters via negotiation, rather than judicial intervention."  (Id.; Letter from Peter T. Shapiro to Hon. John F. Keenan (Apr. 10, 2020), ECF No. 73.)

On April 22, 2020, the Court ordered Defendant to make the $100,000 payment by no later than May 1, 2020.  (Order, ECF No. 74.)  The Court also ordered the parties to provide a status update by May 8, 2020, regarding the SEC Action and an agreed upon payment plan—signed by both law firms and their clients—for all outstanding fees.

### E.  May 2020 Dispute

On May 8, 2020, Plaintiff's Counsel filed a letter explaining that the SEC Action had been settled in principle, after which Alderson had replaced Plaintiff's Counsel with new counsel in that case.  (Letter from Evan W. Bolla to Hon. John F. Keenan (May 8, 2020), ECF No. 77.)  Accordingly, Plaintiff's

9

Counsel would have no further billing in the SEC Action. (Id.) Plaintiff's Counsel also explained that it had invoiced Defendant approximately $282,000 for fees and expenses in the SEC Action, but Defendant refused to pay because Alderson had purportedly entered into an agreement with Defendant which allegedly extinguished Defendant's obligations to pay fees owed to Plaintiff's Counsel. (Id.)

Defendant also filed a letter on May 8, 2020. (Letter from Peter T. Shapiro to Hon. John F. Keenan (May 8, 2020), ECF No. 78.) Defendant argued that Plaintiff's Counsel was not permitted to seek payment by order of the Court because on March 12, 2020, Alderson and Defendant executed a confidential settlement agreement that released Defendant from "[a]ny and all [c]laims arising out of or relating to . . . the SEC Action, the Investigation, the Federal Court Action, the Keenan Order, the JAMS Proceeding, and the JAMS Award," including "[i]ndemnification [f]or past, pending, previously incurred, or future attorney's fees, expenses or costs relating to the Investigation, the SEC Action, the Federal Court Action, [and] the JAMS Proceeding."[1] (Id. at 1–2.) Defendant further argued that Plaintiff's Counsel did not have standing to demand payment because Plaintiff's Counsel no longer represented Alderson in

---

[1] Defense Counsel's letter did not define these terms.

Counsel would have no further billing in the SEC Action. (Id.) Plaintiff's Counsel also explained that it had invoiced Defendant approximately $282,000 for fees and expenses in the SEC Action, but Defendant refused to pay because Alderson had purportedly entered into an agreement with Defendant which allegedly extinguished Defendant's obligations to pay fees owed to Plaintiff's Counsel. (Id.)

Defendant also filed a letter on May 8, 2020. (Letter from Peter T. Shapiro to Hon. John F. Keenan (May 8, 2020), ECF No. 78.) Defendant argued that Plaintiff's Counsel was not permitted to seek payment by order of the Court because on March 12, 2020, Alderson and Defendant executed a confidential settlement agreement that released Defendant from "[a]ny and all [c]laims arising out of or relating to . . . the SEC Action, the Investigation, the Federal Court Action, the Keenan Order, the JAMS Proceeding, and the JAMS Award," including "[i]ndemnification [f]or past, pending, previously incurred, or future attorney's fees, expenses or costs relating to the Investigation, the SEC Action, the Federal Court Action, [and] the JAMS Proceeding."[1] (Id. at 1–2.) Defendant further argued that Plaintiff's Counsel did not have standing to demand payment because Plaintiff's Counsel no longer represented Alderson in

---

[1] Defense Counsel's letter did not define these terms.

the SEC Action.  (Id. at 3-4.)  Defendant argued that the Court has no basis to consider issuing an order directing payment to Plaintiff's Counsel.  (Id. at 1.)

**II.  Payment of Legal Fees**

Defendant's justification for once again refusing to comply with the Arbitration Award borders on the absurd and appears to be entirely without color and motivated by an improper purpose such as harassment or delay.  Under the clear terms of the Arbitration Award—which, upon the consent of both parties, the Court confirmed without objection, and under which the parties have been operating ever since—Defendant is obligated to pay all fees and expenses incurred by Plaintiff's Counsel in the SEC Action, including the approximately $282,000 that Plaintiff's Counsel requested from Defendant in the most recent invoice. Defendant's argument that the March 12, 2020 confidential settlement agreement released it from all claims arising out of or relating to the Arbitration Award is inapposite and is wholly undermined by the fact that Defendant did not raise this same objection to payment of the $100,000, which Defendant made on or about May 1, 2020.

Defendant's new argument, that Plaintiff's Counsel lacks standing to demand payment in this action—and that Plaintiff's Counsel must, instead, bring a new action in its own name against Alderson or Defendant for payment—is equally meritless,

11

without color, and appears to be a bad faith attempt to once again avoid Defendant's clear obligation to pay Plaintiff's Counsel.  As Defendant well knows from having substituted its own counsel in this case once before, substitution of counsel requires approval of the Court. See also Sec. & Exch. Comm'n v. Alderson, No. 18 Civ. 4930 (VEC), Dkt. No. 123 (S.D.N.Y. May 5, 2020) (so-ordering Alderson's substitution of counsel in the SEC Action).  Here, there has been no request by Alderson to substitute his counsel in this action, to say nothing of the Court's approval of such a request.  The fact that Plaintiff's Counsel no longer represents Alderson in the SEC Action is irrelevant to whether his counsel in this action may demand payment under the clear terms of the Arbitration Award and in keeping with all prior payments by Defendant.  Defendant's refusal to fulfill its obligation to pay appears to be yet another frivolous act that is completely without merit.

### III.  Sanctions

28 U.S.C. § 1927 permits a court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "This statute 'imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics,' and provides courts with a cudgel to use, in their

discretion, 'to deter unnecessary delays in litigation.'" Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 55 (2d Cir. 2018), cert. denied, 139 S. Ct. 1282 (2019) (quoting United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991)). Courts also have the discretion to sanction a party or its counsel "pursuant to [the court's] inherent authority 'if there is clear evidence that the [litigant's] conduct' was '(1) entirely without color and (2) motivated by improper purposes.'" Id. at 56 (quoting Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009)); see also Fed. R. Civ. P. 11 (permitting sanctions against "any attorney, law firm, or party" for, among other things, representations to the Court that are "presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

Less than two months ago, Defense Counsel informed the Court that "Mr. Alderson is engaged in negotiations with [Defendant] and third parties, which addresses all issues between [Defendant] and Mr. Alderson, and as a result the settlement should resolve the advancement and indemnification issues as well as determine responsibility for the payment of legal fees (past, present, and future) to [Plaintiff's Counsel]." (Letter from Peter T. Shapiro to Hon. John F. Keenan

13

at 2 (Apr. 3, 2020), ECF No. 71.)  And, "[Defendant] must reiterate that any settlement agreement between Mr. Alderson and [Defendant] will dispose of the very issues herein—including by committing Mr. Alderson to a dismissal with prejudice of the underlying arbitration and this proceeding, and resolution of the advancement and indemnification issues, as well as determining responsibility for the payment of legal fees (past, present, and future) to [Plaintiff's Counsel].  Therefore, we respectfully submit that this Court need not make any immediate rulings in light of the foregoing."  (Letter from Peter T. Shapiro to Hon. John F. Keenan at 1-2 (Apr. 10, 2020), ECF No. 73.)

    The Court is troubled by the above assertions, which appear to be disingenuous in light of Defendant's recent admission that on March 12, 2020—almost one month before Defense Counsel submitted the above letters—Alderson and Defendant were not simply "negotiating" an agreement, but they had in fact "executed" a settlement under which Alderson "unequivocally released [Defendant] from any and all payments of past, present, or future legal fees, including those of [Plaintiff's Counsel]." (Letter from Peter T. Shapiro to Hon. John F. Keenan at 1-2, 6 (May 8, 2020), ECF No. 78.)

    Accordingly, if, by June 22, 2020, Defendant and Plaintiff's Counsel are unable to reach agreement on payment of

14

all outstanding fees, Plaintiff's Counsel and Defense Counsel shall each file a letter of no more than three pages setting forth whether sanctions are warranted against Defendant and/or Defense Counsel in light of the above, as well as Defendant's repeated and apparently willful refusal to timely comply with its obligations under the Arbitration Award and the February 20th Order—actions which began almost immediately after the Court confirmed the award and closed this case.  Plaintiff's Counsel should include an addendum with an accounting of the excess costs, expenses, and attorneys' fees reasonably incurred because of Defendant's and/or Defense Counsel's misconduct.

### IV. Conclusion

For the reasons set forth above, Defendant deVere USA, Inc., now doing business as Brite Advisors USA, Inc., must pay to Plaintiff's Counsel all outstanding legal fees to which Plaintiff's Counsel is entitled pursuant to the January 2, 2019 JAMS Arbitration Award No. 1425027170.

It is FURTHER ORDERED that, by no later than June 1, 2020, Plaintiff's Counsel must provide Defendant with a final invoice for all outstanding fees and expenses.  By no later than June 15, 2020, Defendant must (1) pay all undisputed portions of the final invoice and (2) identify all disputed portions of the final invoice, if any.  If Defendant and Plaintiff's Counsel are unable to reach agreement on payment of the disputed portions,

15

if any, they shall each submit a letter to the Court by June 22, 2020, setting forth their positions as to amounts owed and sanctions. The Court will determine the amount owed by Defendant to Plaintiff's Counsel and sanctions, if any.

**SO ORDERED.**

Dated:   New York, New York
         May 26, 2020

                                        _____
                                        John F. Keenan
                                        United States District Judge